UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth Earl Daniels, Sr., | Civ. No. 12-407 (PAM/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Carolyn W. Colvin, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated February 6, 2013. In the R&R, Magistrate Judge Boylan recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Plaintiff Kenneth Earl Daniels, Sr. alleges that he is unable to work due to mental illness. He submitted an application for disability insurance and supplemental security income on October 19, 2006, alleging a disability onset date of October 10, 2004.

After Daniels's applications were denied initially and on reconsideration, he requested a hearing before an administrative law judge ("ALJ"). This hearing was held on March 25, 2010. On June 18, 2010, the ALJ issued a decision unfavorable to Daniels, concluding that without substance abuse Daniels could perform a "significant number[]" of jobs in the national economy. (Docket No. 6-2 (ALJ Order) at 42-43.) The Appeals Council denied his request for a hearing, and Daniels then initiated the instant matter with this Court, seeking review of the ALJ's decision under 42 U.S.C. § 405(g).

The Magistrate Judge issued a thorough and well reasoned R&R, recommending summary judgment in favor of the Commissioner of Social Security.[1] Daniels raises four objections to the R&R. The Court will discuss each objection in turn below.

**DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

---

[1] At the outset of this case the Commissioner was Michael J. Astrue. On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

A.   **ALJ Properly Concluded that Daniels' Substance Abuse was Material to Disability Determination**

Daniels first argues that the R&R incorrectly concluded that Daniels's substance abuse was material to his disability. Daniels's objection on this point is without merit. As noted by the Magistrate Judge, the administrative record is replete with evidence in support of the conclusion that Daniels is not disabled absent substance abuse.

Daniels points to discrete points in time in which he claims to have been sober, but unable to function. But the instances he cites are isolated and fleeting when his medical records are read as a whole. Additionally, Daniels omits the fact that he was not in fact sober during at least three of the periods of time he cites. For example, Daniels points to his hospitalization in May 2007 for suicidal ideation, but neglects to mention that on the date of his admission to the hospital he "used all his SSI money to buy cocaine and marijuana" and that his urine tested positive for those drugs. (Docket No. 6-11 (Regions Hosp. Admission Note dated May 2, 2008) at 24.) Daniels also claims to have been sober at the time of his hospital admission in August 2008, but his medical records state that he had relapsed by using marijuana and crack and had been using "maybe one or two times per week." (Docket No. 6-11 (Regions Hosp. Initial Assessment dated August 2, 2008) at 9.) Daniels likewise suggests that he his struggle with "persistent depression" in January 2009 occurred during a period of sobriety, but in an appointment on January 20, 2009, his treating psychiatrist, Dr. Roger Johnson, noted that Daniels told him that he was "pretty sober" and that Dr. Johnson

advised him to "abstain completely." (Docket No. 6-13 (Dr. Johnson Treatment Notes dated January 20, 2009) at 48.) The above examples support rather than undermine the ALJ's determination.

Daniels also suggests that his substance abuse is triggered by his bipolar disorder and that he is therefore disabled regardless of his drug use. But there is nothing in the record to support this theory. In short, Daniels has not established that the ALJ's finding that his substance abuse is material to his disability was in error.

**B.     Rejection of Treating Physician's Opinion**

Daniels next contends that the R&R erred in finding that the ALJ properly determined that the opinion of Daniels's treating psychiatrist, Dr. Roger Johnson, was not entitled to substantial weight.

Daniels's discussion of this issue, however, neglects the ALJ's lengthy recitation of Dr. Johnson's findings, treatment notes, and opinions throughout the body of the ALJ's decision. Indeed, the ALJ thoroughly examined the medical records and concluded, quite rightly, that Dr. Johnson's opinion that Daniels was totally disabled without regard to his substance abuse was not supported by the medical findings as a whole. Indeed, although Dr. Johnson opines that Daniels is disabled without regard to drug use, his own notes undermine that opinion by indicating that during a rare period of sobriety and medication compliance, Daniels was "no longer manic" and had "some mild depressive symptoms." (Docket No. 6-13 (Dr. Johnson Treatment Notes dated October 22, 2008) at 48.) This note indicates that Daniels's symptoms can be manageable when he is sober and presumably compliant with his

4

medication.

Under these circumstances, the ALJ was not obliged to elevate Dr. Johnson's opinion over the objective medical evidence in the record. The R&R did not err in upholding the ALJ's decision not to afford Dr. Johnson's opinion substantial weight in the final disability analysis.

**C.    Credibility Determination**

Daniels also argues that the ALJ failed to properly evaluated his credibility. In making that assessment, the ALJ discussed the medical records, the opinions of Daniels's treating physician, his prison health records, the opinions of the consultative examiners, and Daniels's description of his activity levels. The ALJ and the Magistrate Judge noted that the record as a whole supports a finding that Daniels may be a malingerer at times. There are documents in the administrative record indicating that Daniels has made conflicting statements about suicidal ideation depending on his audience, thus suggesting that he uses his illness when it suits a particular situation. For example, Daniels admitted to lying about being suicidal so that he would be moved away from his cell mate, whom he did not like.

Daniels argues that the ALJ improperly relied on statements from sources other than Dr. Johnson—who affirmatively stated that Daniels was not a malingerer—in assessing his credibility. As above, however, the ALJ was not beholden to Dr. Johnson's opinion in this regard. There is substantial evidence in the administrative record supporting the conclusion that Daniels may lack credibility with respect to self-reporting of symptoms and compliance with medication. The R&R's finding with respect to the ALJ's credibility determination is

5

therefore correct.

**D.    Vocational Expert Testimony**

Lastly, Daniels argues that the ALJ erred in relying on the vocational expert, who opined that if Daniels stopped his substance use, there would be a significant number of jobs he could perform. For example, the vocational expert concluded that Daniels could work as a laundry worker, sealing machine operator, or deburrer. (Docket No. 6-2 (Admin. Hr'g Tr.) at 69.) Daniels argues that this reliance was misplaced because the underlying medical evidence does not support a finding of no disability absent substance abuse. As discussed, the record as a whole does support such a conclusion, so the vocational expert's testimony was based on substantial evidence.

Daniels also argues that the ALJ inaccurately described Daniels's limitations in the hypothetical to the vocational expert, because he failed to indicate Daniels's limitations with respect to concentration, persistence, and pace. Daniels contends that this omission requires reversal under Newton v. Chater, 92 F.3d 688 (8th Cir. 1996). In Newton, the Eighth Circuit remanded the case because the hypothetical question to the vocational expert omitted certain of the claimant's persistent limitations which were material to the expert's opinion. The court concluded that such a material omission undermined the accuracy of the expert's opinion:

> A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant. A vocational expert cannot be assumed to remember all of a claimant's impairments from the record. An expert's testimony based upon an insufficient hypothetical question may not constitute substantial evidence to

support a finding of no disability.

Id. at 694-95 (internal citations omitted).

The Magistrate Judge correctly concluded that Newton is distinguishable from the instant case. Here, unlike in Newton, the omitted limitations were not pervasive or frequent. Instead, the record indicates that Daniels's complaints with respect to concentration, persistence, and pace were sporadic at best and minimal (if not non-existent) during his periods of sobriety. Moreover, the hypothetical posed to the vocational expert includes limitations far greater than those omitted, thus minimizing the impact of the omissions. (See Docket No. 6-2 at 40.) There is no basis to disturb the ALJ's finding in this regard.

**CONCLUSION**

Daniels has not established that the R&R's conclusions are incorrect. Accordingly,

**IT IS HEREBY ORDERED that**:

    1.    The Report and Recommendation (Docket No. 16) is **ADOPTED**;

    2.    Defendant's Motion for Summary Judgment (Docket No. 13) is **GRANTED**;

    3.    Plaintiff's Motion for Summary Judgment (Docket No. 7) is **DENIED**; and

    4.    This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 1, 2013

                                          *s/ Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge